Affirmed and Opinion filed September 18, 2003









Affirmed
and Opinion filed September 18, 2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00441-CR

____________

 

ALISA DENENE JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 01CR1023

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Alisa Denene Johnson, was convicted by a jury of
tampering with a governmental record. 
The judge assessed a term of two years= imprisonment, probated for five
years, and a fine of $5,655.00.  In four
points of error, appellant claims the evidence is legally and factually
insufficient, a fatal variance exists between the indictment and the State=s
proof at trial, and the trial court erred in admitting evidence of an
extraneous offense.  We affirm.

 

Background

In
December 1999, appellant purchased a 1999 Buick LeSabre,
sharing title with her mother-in-law, Jesse M. Johnson.  In the course of applying for government
assistance, appellant made two separate representations to the Texas Department
of Human Services that she did not own a vehicle.  On March 3, 2000, she specifically reported
the household had no vehicles.  In May
2000, appellant told case worker, Patty Meyer, that she did
drive a new car, but it was Ain
her name and in her mother-in-law=s
name@ and that
A her mother-in-law was making
the payments.@ 
Additionally, appellant represented she was unable to sell the vehicle
due to the co-ownership.  Meyer requested
verification from appellant=s mother-in-law regarding the joint
ownership and received none.  Appellant=s
subsequent benefits were denied, and the case was referred to a fraud
investigator.  

Legal
Sufficiency

Appellant=s
first point of error challenges the legal sufficiency of the evidence.  In reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict.  See Jackson v. Virginia, 443 U.S.
307, 319 (1979).  We accord great
deference Ato the responsibility of the trier of fact [to resolve fairly] conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.@ 
Id.  We presume that any
conflicting inferences from the evidence were resolved by the jury in favor of
the prosecution, and we defer to that resolution.  Id. at 326.  In
our review, we determine only whether Aany rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.@ 
Id. at 319.








The essential elements of the felony
offense of tampering with a governmental record are found in section 37.10 of
the Texas Penal Code, which provides that a person commits the offense when she
Aknowingly
makes a false entry in, or false alteration of, a governmental record.@  Tex. Pen. Code Ann. ' 37.10(a)(1)
(Vernon Supp. 2003).  Furthermore, an Aoffense
under this section is a Class A misdemeanor unless the actor=s
intent is to defraud or harm another, in which event the offense is a state
jail felony.@ 
Id.   '
37.10(c)(1).  

The
indictment in this case alleged that appellant failed to report the Buick LaSabre as a household resource, causing Meyer to make a
false entry in appellant=s food stamp eligibility
application.  Appellant and her
mother-in-law jointly purchased a 1999 Buick LeSabre.  They shared joint title and applied for
financing of the vehicle together. 
However, on May 2, 2000, in completing her food stamp application,
appellant represented to Meyer that she shared title of the vehicle with her
mother-in-law and, therefore, was unable to sell it.  Furthermore, appellant stated that her
mother-in-law, not she, was responsible for making the payments.  As a result of appellant=s
statements, Meyer granted 
emergency food stamps to appellant contingent on a letter from
appellant=s mother-in-law stating appellant
was not free to sell the automobile. 
Appellant received one month=s allocation of food stamps.  The benefits were canceled when Meyer did not
receive the requested additional documentation.

Appellant
did hold title of the car with her mother-in-law.  However, documentary evidence supports the
finding that appellant actually made payments on the car.  Appellant=s bank records show a December 26,
1999 payment for $2000 was made to Hub Hyundai. 
The appellant purchased the vehicle on that date and provided a down
payment in that amount.  Furthermore,
evidence showed at least two checks drawn on appellant=s
account payable to the financing company, First City Servicing Corporation, in
the amount of a monthly payment.  The
first payment occurred in February 2000, and the second on April 23Cnine
days before her statements to Meyer that her mother-in-law was making payments
on the automobile.  Finally, on April 1,
appellant faxed a letter to First City requesting a change of payment dates.  She detailed how her pay period had changed
and that a different due date would facilitate her making the car payments.

We
find that given this evidence, a rational trier of
fact could have found the essential elements of the crime.  Therefore, we overrule appellant=s
first point of error.








Factual
Sufficiency

We
conduct a factual sufficiency review by asking whether a neutral review of all
the evidence demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury=s determination or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We may set aside the jury=s
verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.  Clewis v.
State, 922 S.W.2d 126, 
129 (Tex. Crim. App. 1996).  Although we review the fact finder=s
weighing of the evidence and are authorized to disagree with the fact finder=s
determination, our evaluation should not substantially intrude upon the fact
finder=s
role as the sole judge of the weight and credibility given to witness
testimony.  Johnson, 23 S.W.3d at 7.  In
particular, we must defer to the jury=s determination concerning what
weight to give contradictory testimonial evidence, because resolution often
turns on an evaluation of credibility and demeanor, an evaluation better suited
for jurors who were in attendance when the testimony was delivered.  Id. at 8.

Appellant
made two crucial statements to Meyer in connection with her application for
food stamps: (1) she shared title to the 1999 Buick LeSabre
with her mother-in-law, and because of the joint ownership, she was unable to
sell the automobile; and (2) her mother-in-law, not she, was responsible for
making payments on the vehicle.  Appellant points to evidence supporting her statement to the case
worker that she shared joint-title of the vehicle with her mother-in-law and
was thus unable to sell it.  This
proposition is supported by evidence revealing title and financing in both
appellant=s and her mother-in-law=s
names.  However, the evidence of joint
ownership only supports the first statement made by appellant.  This evidence does not contradict any finding
of the jury with regard to the veracity of appellant=s
second statement. 








Appellant
also argues the State failed to determine whether the mother-in-law was
actually making payments, as appellant claimed. 
The fraud investigator, Kathleen Halloway,
testified that at no point in her investigation did she come across any
information indicating that the mother-in-law had made any payments.  Furthermore, if any such payments had been
made, appellant would have been required to report that payment as unearned
income, which she did not do.

Finally,
appellant points to testimony that her husband controlled the bank accounts
during their separation and, therefore, any payments did not impeach her
representations to the case worker. 
Documentary evidence, however, showed appellant signed at least two of
the payment checks from the joint bank account. 
Furthermore, the jury is the exclusive judge of the weight and
credibility given to witness testimony, and they were free to disbelieve
appellant=s testimony that she had no access
to the joint accounts.  See Johnson,
23 S.W.3d at 7. 


Taking
the evidence as a whole and viewing it in a neutral light, we cannot say the
jury=s
verdict was clearly wrong or manifestly unjust. 
We overrule appellant=s second point of error.

Variance

Appellant
argues in her third point of error that the State=s proof at trial did not comport
with the indictment and, as such, violated her due process rights.  We disagree. 
The indictment charged appellant with failure Ato
report the [appellant=s] household resource, to-wit: a
Buick LeSabre, with intent to defraud and harm the
Texas Department of Human Services, an agency of the State of Texas, cause
Patty Meyer to make a false entry in a governmental record, to-wit: in Form
1000-AB used by said agency in determining eligibility for food stamp benefits
. . . .@








A
variance between the wording of an indictment and the evidence presented at
trial is fatal only if it is material and prejudices [the defendant=s]
substantial rights.@ 
Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim.
App. 2001).  When reviewing such a
variance, we must determine whether the indictment, as written, informed the defendant
of the charge against her sufficiently to allow her to prepare an adequate
defense at trial, and whether prosecution under the deficiently drafted
indictment would subject the defendant to the risk of being prosecuted later
for the same crime. Id.

Appellant
argues that the State convicted her of other misrepresentations regarding her
county of residence, the status of her marriage, her prior ownership of an
entirely different vehicle, whether she had been gainfully employed, and the
existence or content of bank accounts. 
Further, she contends it presented insufficient evidence to support the
Buick LeSabre misrepresentation.  While it is true that the State introduced
evidence regarding these other falsehoods, it did not fail in proving the
allegations in the indictment.  As
previously discussed, the evidence supported the conviction.  Appellant was on notice that she had been
charged with misrepresenting her household assets during the assistance
application process.  She received ample
opportunity to prepare an adequate defense at trial.  Furthermore, the indictment stated with
specificity the subject of her crime, such that the State would be unable to
subsequently prosecute on the same matter.

Appellant=s
third point of error is overruled.

Improper
Character Evidence

In
appellant=s fourth point of error, she claims
the trial court erroneously admitted evidence of an extraneous offense.  Specifically, she complains the trial court
erred in overruling her objection to evidence that she incorrectly reported her
address to the Texas Department of Human Services.  However, before she may complain on appeal,
appellant is required to first preserve that error by the appropriate means at
the trial level.  Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  In the admission of extraneous offense
evidence, two steps are required.








First,
the opponent of the evidence should object that the evidence is inadmissible
under rule 404(b) of the Texas Rules of Evidence, although an objection that
the Aevidence
is not >relevant,=
or that it constitutes an >extraneous offense=
. . . ought ordinarily to be sufficient under the circumstances to apprise the trial court of the nature of the complaint.@  Montgomery v. State, 810 S.W.2d 372,
387 (Tex. Crim. App. 1990); see Tex. R. Evid. 404(b).  Second, she must object that under rule 403
the probative value of the evidence is substantially outweighed by its unfair
prejudice.  Id. at 388; see
Tex. R. Evid. 403.  A[A]n objection that proffered
evidence amounts to proof of an >extraneous offense=
will no longer suffice, by itself, to invoke a ruling from the trial court
whether the evidence, assuming it has relevance apart from character
conformity, is nevertheless subject to exclusion on the ground of unfair
prejudice.  Further objection based
upon 403 is now required.@ 
Id. (emphasis added).

Here,
appellant failed to preserve error as the record does not reflect that she made
an objection, pursuant to rule 403, at the time the State questioned the
apartment manager concerning appellant=s address. Appellant=s
counsel made only a rule 404(b) objection. 
Further, appellant makes no argument on appeal explaining how the
admitted evidence unfairly prejudiced her under rule 403. 

Appellant=s
fourth point of error is overruled, and the trial court=s
judgment is affirmed.

 

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Memorandum
Opinion filed September 18, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).